UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. § | |
| § | |
| v. § | CIVIL NO. 4:23-CV-108-SDJ |
| § | |
| DAQ'Z CRAZY & WING'Z, LLC, § | |
| ET AL. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for Attorney's Fees and Costs. (Dkt. #53). Therein, Plaintiff requests that the Court award, "as part of the Final Judgment in this case[,] reasonable and necessary attorney's fees and costs" as follows: (1) $2,712.50 in attorney's fees against Defendant Daq'z Crazy & Wing'z, LLC; (2) $6,662.50 in attorney's fees against Defendant Raphyael Tyson; and (3) $562.00 in costs against Defendants, jointly and severally. (Dkt. #53 at 2). Having considered the motion, the Court concludes that it should be **GRANTED**.

### I. BACKGROUND

Plaintiff Joe Hand Promotions, Inc. ("JHP") brought suit against Defendants Daq'z Crazy & Wing'z, LLC, and Raphyael Tyson ("Tyson"), alleging that Defendants unlawfully obtained the closed-circuit broadcast of the *Deontay Wilder vs. Tyson Fury II* boxing match, for which JHP held the exclusive commercial license to distribute. (Dkt. #1 ¶¶ 3, 8). Thereafter, JHP moved for default judgment against Daq'z Crazy & Wing'z, (Dkt. #27), and for summary judgment against Tyson, (Dkt. #28). The Magistrate Judge issued Reports and Recommendations on these motions. *See*

(Dkt. #41, #42). This Court adopted the reports, with modifications to the damages awarded, finding that both Defendants violated 47 U.S.C. § 553. (Dkt. #50).

In the Court's final judgment, JHP was ordered to "file for attorney's fees under Rule 54(d)(2) within fourteen days of the Court's entry of this judgment against Defendants." (Dkt. #51). JHP has timely filed its motion. *See* (Dkt. #53). The Court now considers whether JHP's request should be awarded.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d)(2), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires" otherwise. FED. R. CIV. P. 54(d)(2)(A). The motion must: "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." FED. R. CIV. P. 54(d)(2)(B). If a claimant satisfies the requirements of Rule 54(d)(2)(B), the Court must then determine the appropriate amount of attorney's fees to award.

In making this determination, courts first establish the lodestar, which is calculated by "multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Heidtman v. Cnty. Of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). Courts may then "decrease or enhance the lodestar based

2

on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)." *Heidtman*, 171 F.3d at 1043.

"The Court is also an expert on reasonableness of fees and may use its own experience in deciding a fee award." *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017). In calculating attorney's fees, the Court's goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011).

As for costs other than attorney's fees, Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." For costs, "[t]he clerk may tax costs on 14 days' notice," and "[o]n motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1).

### III. DISCUSSION

#### A. Attorney's Fees—Rule 54(d)(2)

JHP filed its motion for attorney's fees seven days after entry of judgment. *See* (Dkt. #51, #53). JHP has also established that it is entitled to attorney's fees in this case, pursuant to 47 U.S.C. § 553 and this Court's order awarding "reasonable and necessary attorney's fees and costs of court in an amount to be determined at a later date." *See* (Dkt. #50, #51, #53).[1] And JHP has stated the amount sought; JHP provides

---

[1] This Court's Memorandum Adopting in Part and Modifying in Part Reports and Recommendations of United States Magistrate Judge, (Dkt. #50), concludes that Defendants Tyson and Daq'z Crazy & Wing'z, LLC violated 47 U.S.C. § 553. (Dkt. #50 at 8–9). Section 553(c)(2)(C) provides that a court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

a declaration with a breakdown of the hours its counsel expended and counsel's purported hourly rate, (Dkt. #53-1). JHP has therefore met the requirements of Rule 54(d)(2)(B). The Court will now consider whether to award the full request, based on the lodestar calculation and *Johnson* factors.

### B. Attorney's Fees—Lodestar

The first input for the lodestar calculation is the reasonable number of hours expended in prosecuting the case. To prove the reasonableness of an attorney's hours, the moving party must provide "contemporaneous billing records or other documents" from which the Court can determine "which hours are compensable." *Vaughan v. Lewisville Indep. Sch. Dist.*, No. 4:19-CV-109, 2021 WL 6125786, at *5 (E.D. Tex. Dec. 28, 2021), *vacated on other grounds*, 62 F.4th 199 (5th Cir. 2023). Further, "attorneys must exercise 'billing judgment' by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Durene v. Brinker La. Inc.*, No. 21-01568, 2022 WL 2828831, at *3 (E.D. La. July 20, 2022) (citation modified) (citing *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)).

Here, JHP's counsel claims 37.50 gross billable hours, comprised of 10.85 hours billed for work concerning Defendant Daq'z Crazy & Wing'z and 26.65 hours billed for work concerning Defendant Tyson. (Dkt. #53-1). Defendants have not contested these numbers. *See* (Dkt. #53 at 6) (certifying service of Defendants by email and mail of the motion for attorney's fees and costs). Generally, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua*

4

*sponte* to sift through fee records searching for vague entries or block billing." *Hoffman v. L & M Arts*, No. 3:10-CV-953, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015). Rather, "[i]t is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Id.* Therefore, having reviewed the billing records, the Court concludes that 37.50 hours is reasonable. The entries are sufficiently detailed and the Court did not find duplicative or unnecessary entries. *See* (Dkt. #53-1).

The second input for the lodestar calculation is the reasonableness of the rate charged. In evaluating the reasonableness of the rates, the moving party must demonstrate through "satisfactory evidence" that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation modified).

JHP attached the declaration of its counsel, Jamie Renee King, to establish that a rate of $250.00 per hour is reasonable. (Dkt. #53-1). Defendants have not contested this hourly rate. Generally, when an hourly rate is not contested, courts will approve the requested rate, with the caveat that courts "do not opine on whether the rate claimed would be reasonable in other cases in the . . . area," because "the

5

specifics were not subject to adversarial testing[.]" *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995); *see also Tollett*, 285 F.3d at 369 ("We question that $300 is a reasonable hourly rate. But, only because the [defendant] has not contested it, we hold that, based on [plaintiff's] counsel's affidavit, the reasonable hourly rate is $300."). The Court therefore concludes that $250.00 is reasonable.

Based on the foregoing analysis, the Court concludes that the lodestar is $9,375.00, which is the product of 37.50 hours worked and a reasonable rate of $250.00 per hour. For each individual defendant, the lodestar is divided as follows: $2,712.50 for Daq'z Crazy & Wing'z and $6,662.50 for Tyson. Having calculated the lodestar, the Court now turns to the *Johnson* factors to determine whether the Court should deviate from that amount.

### C. Attorney's Fees—*Johnson* Factors

"There is a strong presumption in favor of the lodestar amount, but it may be adjusted based on the twelve factors set out in *Johnson*[.]" *Vaughan*, 2021 WL 6125786, at *5. The twelve *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Carroll v. C-Con Servs., Inc.*, No. 4:21-CV-327, 2024 WL 3404787, at *4 (E.D. Tex. July 11, 2024) (citing *Johnson*, 488 F.2d at 717–19)).

6

Of the factors, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citation modified). In suits for damages, "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought," *id.* (citation omitted), the goal being to avoid windfalls to attorneys, *id.* at 115. Here, JHP sought a total of $60,000 in statutory damages and was ultimately awarded $17,400 in statutory and enhanced damages. (Dkt. #50 at 9). Plaintiff's counsel now seeks $9,375 in attorney's fees—approximately 0.54x the amount of damages awarded.

Although there is no per se requirement for proportionality in determining an award of attorney's fees, the Fifth Circuit has indicated that "proportionality remains an appropriate consideration in the typical case." *Combs v. City of Huntington*, 829 F.3d 388, 396 (5th Cir. 2016) (citation modified). Considering proportionality, 0.54x is reasonable, given that other courts have upheld attorney's fee awards multiple times the size of the damages actually awarded. *See Fessler v. Porcelana Corono de Mexico, S.A. de C.V.*, 23 F.4th 408, 419 (5th Cir. 2022) (noting that the Fifth Circuit has rejected as unreasonable attorney's fee awards 6.5x and 8.67x larger than the damages awarded, while also upholding a 33x larger attorney's fee award).

Additionally, the Court notes that JHP's counsel has extensive experience in similar cases, *see* (Dkt. #53-1 at 5–7), and that JHP's counsel has been awarded an hourly rate of $250.00 in such cases. *See, e.g.*, *Joe Hand Promotions, Inc. v. Allure Jazz & Cigars, LLC*, No. 3:22-CV-514-E, 2024 WL 4174913, at *4 (N.D. Tex. Aug. 23,

7

2024) (recommending a rate of $250.00 per hour and highlighting that JHP's counsel, Jamie Renee King, has handled "over 300 anti-piracy cases"), *report and recommendation adopted*, 2024 WL 4181047 (N.D. Tex. Sept. 12, 2024).

For these reasons, the Court concludes that the *Johnson* factors do not warrant a departure from the lodestar amount. The Court finds an attorney's fee award of $9,375.00 appropriate in this case.

**D. Costs**

As for the request for costs, this Court previously awarded reasonable costs of court to JHP, but reserved the exact sum for "an amount to be determined at a later date." (Dkt. #51). JHP now seeks an award for three categories of costs: (1) fees of the clerk, for $402.00; (2) fees for service of the summons, for $130.00; and (3) fees for exemplification and the costs of making copies of materials for use in the case, for $30.00. (Dkt. #53 at 2); (Dkt. #52) (Proposed Bill of Costs). JHP requests that the award include "full costs" under 47 U.S.C. § 605 instead of being limited to "taxable costs" under 28 U.S.C. § 1920. (Dkt. #53 at 3–4).

Pursuant to Rule 54(d)(1), courts should award costs to the prevailing party in a case unless a federal statue provides otherwise. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (indicating that costs should be awarded as a matter of course in an ordinary case, and that a district court may not deny costs to a prevailing party without articulating reasons for refusal); *see also Stubblefield v. Suzuki Motor Corp.*, 826 F.App'x 309, 324–25 (5th Cir. 2020) (per curiam) (same). Rule 54(d)(1) costs are normally limited to taxable costs, listed in 28 U.S.C. § 1920, which may include,

8

among other things, "[f]ees of the clerk and marshal," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 334–35 (5th Cir. 2017); 28 U.S.C. § 1920. Costs not listed under Section 1920 are not permitted unless authorized under another federal statute. *See* FED. R. CIV. P. 54(d)(1); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("Title 28 U.S.C. § 1920 . . . embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs[.]").

Here, upon review, the Court finds that two of JHP's three categories of costs fall under Section 1920: the clerk fee of $402.00, *see* 28 U.S.C. § 1920(1), and the exemplification and copying costs of $30.00, *see id.* § 1920(4). However, JHP's last category—the costs of service of the summons—is not covered by Section 1920. (Dkt. #53-3 at 1). The Fifth Circuit has held that "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F.App'x 421, 431 (5th Cir. 2010) (per curiam) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)); *see also Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004) (en banc) (noting, but not adopting, the Ninth Circuit's position that private process servers' fees are taxable costs under Section 1920(1)).

Even so, JHP argues that this Court should award the costs of service in this case, stating: "By the language of the statute, Plaintiff's costs should not be limited to taxable costs under 28 U.S.C. § 1920." (Dkt. #53 at 3). JHP invokes 47 U.S.C. § 605

9

in support of its request for service costs. *See* (Dkt. #53 at 3–4); 47 U.S.C. § 605(e)(3)(B)(iii). But JHP did not prevail on its claim against the Defendants for violations of Section 605—rather, JHP prevailed under 47 U.S.C. § 553. *See* (Dkt. #50 at 8–9); (Dkt. #51). Nevertheless, Section 553 states that a court may "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 553(c)(2)(C). The language for "full costs" under Section 553 is nearly identical to Section 605. *See* 47 U.S.C. § 605(e)(3)(B)(iii) ("[The court] shall direct the recovery of *full costs*, including awarding reasonable attorneys' fees to an aggrieved party who prevails." (emphasis added)).

Hence, JHP's argument for an award of the costs of service—as the recovery of full costs—stands. *See* (Dkt. #53 at 3). And on review, the Court finds that "full costs" may include the $130.00 cost of the service of summons. *See Joe Hand Promotions, Inc. v. Cantina El Sol, LLC*, No. 8:22-CV-113, 2023 WL 4295507, at *7 (D. Neb. June 30, 2023) (granting full amount of requested costs after defendants did not dispute assessing the requested costs against them); *G & G Closed Circuit Events LLC v. Camden Wing Shack LLC*, No. 3:12-2933, 2013 WL 3320950, at *6 (D.S.C. Apr. 4, 2013) (awarding the cost of service of the summons and complaint pursuant to a statutory award of "full costs"), *report and recommendation adopted as modified*, 2013 WL 3321196 (D.S.C. July 1, 2013).

Accordingly, the Court concludes that JHP is entitled to recover $562.00 in costs, pursuant to Rule 54(d)(1), 28 U.S.C. § 1920, and 47 U.S.C. § 553.

## IV. CONCLUSION

For the reasons provided, it is **ORDERED** that Plaintiff Joe Hand Promotions, Inc.'s Motion for Attorney's Fees and Costs, (Dkt. #53), is **GRANTED**. The Court awards Plaintiff a total of $9,937.00 in attorney's fees and costs.

It is further **ORDERED** that Defendant Daq'z Crazy & Wing'z, LLC, shall pay Plaintiff **$2,712.50** in attorney's fees by **January 30, 2026**.

It is further **ORDERED** that Defendant Raphyael Tyson shall pay Plaintiff **$6,662.50** in attorney's fees by **January 30, 2026**.

It is further **ORDERED** that Plaintiff Joe Hand Promotions, Inc., is awarded **$562.00** in costs against Defendants Daq'z Crazy & Wing'z, LLC, and Raphyael Tyson, jointly and severally.

**So ORDERED and SIGNED this 8th day of January, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE